UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Phillip Davis : | |
| 5120 N. Camac Street, 3rd Floor : | |
| Philadelphia, PA 19143 : | # _____ |
| : | |
| Plaintiff : | |
| : | |
| v. : | |
| United States of America : | |
| c/o United States Postal Service : | |
| 1720 Market Street, Room 2400 : | |
| St. Louis, MO 63155 : | |
| : | |
| And : | |
| : | |
| City of Philadelphia : | |
| 1515 Arch Street : | |
| Philadelphia, PA 19102 : | |
| Defendants : | |

## COMPLAINT

## PARTIES

1. Plaintiff, Phillip Davis, is an adult individual and resident of Commonwealth of Pennsylvania, residing at the address listed in the above caption

2. Defendant, United States of America c/o United States Postal Service, is a political subdivision of the United States, with a business address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or otherwise legally responsible for the care, control and safety of the premises located at the intersection of N. 16th Street and W. Huntingdon Street, in Philadelphia, PA.

3. Defendant, City of Philadelphia, is a political subdivision Commonwealth of Pennsylvania, with an office address listed in the caption of this Complaint, and which at all times material hereto was the owner, operator, maintainer, possessor, lessor, lessee and/or

otherwise legally responsible for the care, control and safety of the premises located at N. 16th Street and W. Huntingdon Street, in Philadelphia, PA.

4. Defendants named in paragraphs 2 through 3 above will be collectively referred to as "Defendants" for the entirety of this Complaint.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff is a citizen of Commonwealth of Pennsylvania and the Defendants, upon information and belief is a corporate entity with its principal place of business in the State of Missouri, and the Commonwealth of Pennsylvania and the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

7. At all times material hereto, Defendant was acting individually, jointly and/or by and through his agents, servants, servants, franchisees, workmen and/or employees for the maintenance, repair, care and control of the premises located at the intersection of N. 16th Street and W. Huntingdon Street, collectively referred to hereinafter as "the premises."

8. On or about October 1, 2015, Plaintiff was a business invitee, licensee and/or otherwise legally on Defendants' premises.

9. At all times relevant hereto, Defendants, individually, jointly and/or through its agents, servants, franchisees, workmen and/or employees, had a duty to keep and maintain the aforesaid premises in a reasonably safe condition for those persons lawfully thereon, including Plaintiff.

10. On or about October 1, 2016, while on Defendants' premises, Plaintiff was caused to trip and fall on the hole/broken sidewalk/etc. which was a defect/dangerous condition in/on/of the driveway, pathway, sidewalk, and/or street on the premises, causing serious and permanent personal injuries on account of which this action is brought.

11. At or about the same date, time and place in question, and for some period of time prior thereto, Defendants, acting individually, jointly and/or by and through their agents, servants, franchisees, workmen and/or employees, negligently and/or carelessly allowed and permitted dangerous and unsafe conditions to exist, including but not limited to, the conditions which directly resulted in the Plaintiff's injuries.

12. The negligence and/or carelessness of the Defendants, individually, jointly and/or through their agents, servants, franchisees, workmen and/or employees, which was the direct and sole cause of the Plaintiff falling, and the resulting injuries suffered by the Plaintiff, consisted of, but is not limited to, the following:

    a. Failure to design, construct, maintain, and/or repair the premises, sidewalks, pavements, pathways, walkways and/or other areas on the premises, over which invitees, licensees and/or others are likely to travel, rendering the premises unsafe;

    b. Failure to properly monitor, test, inspect or clean the premises, sidewalks, pavements, pathways, walkways and/or other areas on the premises, to see if there were dangerous or defective conditions to those legally on the premises;

    c. Failure to provide sufficient warning as to the reasonably foreseeable defects and dangerous nature of the premises, sidewalks, pavements, pathways, walkways

and/or other areas on the premises, to such invitees, licensees and/or others legally on the premises;

d. Failure to barricade and/or block-off the defective and/or dangerous area of the premises, sidewalks, pavements, pathways, walkways and/or other areas on the premises;

e. Failure to reasonably inspect, maintain and/or otherwise exercise due and reasonable care under the circumstances in view of the foreseeable dangers, accidents and/or injuries that could occur as a result of the conditions on the premises, sidewalks, pavements, pathways, walkways and/or other areas on the premises;

f. Failure to comply with all building codes, county, township, and city laws, ordinances and regulations pertaining to the design, construction, and maintenance of the aforementioned premises;

g. Failing to exercise the proper care, custody and control over the aforesaid premises;

h. Failure to inspect, maintain and/or repair known and/or unknown defects; and,

i. Failing to prevent and/or remove a dangerous condition derived, originated or had its source the aforesaid premises;

j. Failure to repair the premises, sidewalks, pavements, pathways, walkways and/or other areas on the premises;

k. Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained stairs, which the Defendants improperly permitted to exist and remain on the premises;

  l. Failing to prevent, detect, inspect, cure and/or warn of the presence of defective and poorly maintained sidewalk(s) and/or pavement, so as to cause unreasonable risk of harm to pedestrians on the premises; and

  m. Failing to properly and adequately repair the sidewalk(s) and/or pavement on the "premises" in accordance with Philadelphia Code, other applicable codes and regulations, the common law, and/or their respective contractual responsibilities.

13. Upon information and belief, Defendants had specific knowledge of an ongoing problem with the sidewalk of the premises where Plaintiff fell.

14. The negligence and/or carelessness of the Defendants was the direct and sole cause of the poorly maintained sidewalk on the premises, causing the premises to be unsafe.

15. As a direct and consequential result of the negligent and/or careless conduct of the Defendants, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, and others ills and injuries, all to Plaintiff's great loss and detriment.

16. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

17. As an additional result of the carelessness and/or negligence of Defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

18. As a further result of Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

19. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses for which he makes a claim for payment in the present action.

WHEREFORE, Plaintiff, demands judgment in Plaintiff's favor and against Defendants in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY:_____mis3364_____
Marc I. Simon, Esquire

## VERIFICATION

I, _____, am the plaintiff in this action, and I hereby state that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that this verification is subject to 18 Pa. C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

*/s/ Philip Dun___*